CHARLES S. LOTSOF    #1032
DAVID A. KWOCK    #1790
1188 Bishop Street - Suite 2711
Honolulu, Hawaii  96813
Telephone No. 521-3333
clotsof@gmail.com
kwock.david@gmail.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM CHAZANOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DGS/UNIFI; and DELTA AIRLINES, ) <br> INC., a Delaware corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | Case №1:21-cv-00189 <br><br> COMPLAINT; SUMMONS |

## **COMPLAINT**

For a cause of action against Defendants named above, Plaintiff alleges as follows:

1. Plaintiff is a resident and citizen of the State of Georgia, as of the date of this Complaint being filed.  Until he became a Georgia resident, he was a resident and citizen of the State of Hawaii.

2. Defendant DGS/UNIFI is a business entity of some sort, the type being unknown to Plaintiff despite intense, diligent efforts to find out; nor is the place of said Defendant's formation known to Plaintiff despite intense, diligent efforts.  Sand

Defendant engages in the business of providing ground services to the airline industry at airports. DGS/UNIFI's website represents that it has operations in all of the United States except Wyoming. Its headquarters is in Alexandria, Virginia.

3. Defendant Delta Airlines, Inc., is a Delaware corporation functioning as a common carrier of interstate passenger traffic.

4. Jurisdiction of this Court is predicated on diversity of citizenship, pursuant to 28 U.S.C. §1332.

5. Jurisdiction of this Court is predicated additionally on a question of federal law, specifically the Americans With Disabilities Act and the Air Carrier Access Act of 1986, 49 U.S.C. §41705, 14 CFR Part 382—nondiscrimination on the Basis of Disability in Air Travel (ACAA), together with the regulations adopted pursuant thereto. The pertinent ACAA regulations require air carriers to provide assistance when a passenger with a disability requests it for moving "between gates to make a connection to another flight," 14 C.F.R. § 382.91(a); "moving from the terminal entrance (or a vehicle drop-off point adjacent to the entrance) through the airport to the gate for a departing flight, or from the gate to the terminal entrance (or a vehicle pick-up point adjacent to the entrance after arriving flight)," including "accessing key functional areas of the terminal, such as ticket counters and baggage claim," §382.91(b); and for "enplaning and deplaning," §382.95(a). "This assistance must include, as needed, the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs ..."

## COUNT ONE

6. Pursuant to pre-arrangement, Plaintiff timely presented himself on April 16, 2019, at Defendant Delta Air Lines, Inc., to return to Honolulu on direct flights from Atlanta, Georgia, with wheelchair services and a lie-down bed.

7. As of that time, Plaintiff was suffering from injuries sustained in a recent severe skiing accident.

8. Plaintiff was a person with disability for all purposes herein and under the statutes and rules referenced herein.

9. Plaintiff was authorized by his physician to travel only if he would not need to change flights and would have a lie-down bed aboard the airline.

10. Defendant Delta Air Lines, Inc., had obligated itself to provide Plaintiff on April 16, 2019 with wheelchair services in compliance with the ACAA, and with a lie-down bed on a direct flight to Honolulu, arriving on April 17, 2019.

11. Unknown to Plaintiff, Defendant Delta Air Lines, Inc., had contracted with Defendant DGS/Unifi or any other such provider to provide these services to Plaintiff.

12. Plaintiff was a third-party beneficiary of the contract between the defendants to provide him with services to the disabled.

13. Defendants both owed Plaintiff a duty of due care to make sure Plaintiff was accommodated as contemplated and required.

14. Plaintiff was not transported as required, and was not given the accommodations he had been promised by or on behalf of defendants.

15. As a proximate result of the Defendants' violation of the federal laws and regulations, and in connection with the aforementioned circumstances, Plaintiff was forced to go without the care and protection he required, and suffered grievous pain or mind and body.

## COUNT TWO

16. ¶¶1-15 are realleged.

17. On or about April 16 and April 17, 2019, Defendants acted negligently in regard to the care and assistance they owed Plaintiff.

18. The damages suffered by Plaintiff, including pain of body and mind, suffered on account of the negligence and breach of Defendants obligations are in excess of $75,000.

WHEREFORE, Plaintiff asks that judgment be entered in his favor for such amount as this Court deems fit, together with costs of suit.

Dated: Honolulu, Hawaii, April 16, 2021.

/s/ Charles S. Lotsof
Charles S. Lotsof
David A. Kwock
Attorneys for Plaintiff